


IN THE DISTRICT COURT FOR DOUGLAS COUN

| ANTIONE POKE,<br>Plaintiff,<br>v.<br>AMERICAN LABORATORIES LLC,<br>Defendant. | CASE NO.: CI 20 - 9370<br><br>COMPLAINT and JURY DEMAND |
|---|---|

COMES NOW, the Plaintiff, Antione Poke, by and through his attorney, and for his complaint against the Defendant states and alleges the following:

## I. STATEMENT OF FACTS

1. This is an action for violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C § 1981, the City of Omaha Anti-Discrimination Ordinance Section 13-89 and 13-116, and the Nebraska Fair Employment Practices Act, as amended, Neb. Rev. Stat. §48-1101 et seq.

2. This court has original jurisdiction with claims arising under city ordinances and state law, and concurrent jurisdiction over the federal law claims.

3. Plaintiff Antione Poke is a citizen of Omaha, Douglas County, Nebraska.

4. The Defendant is a foreign limited liability company that was incorporated in Delaware, and is licensed to do business in Nebraska with its principle place of business in Omaha, Douglas County, Nebraska.

#44 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
NOV 13 2020
JOHN M. FRIEND
CLERK DISTRICT COURT

Exhibit A

5. Defendant may be served through its agent of service, Patrick J. Straka at McGrath, North, Mullin, & Kratz, PC. LLO **who has represented that they are the registered agent and will accept service on behalf of Defendant, at First National Tower 1601 Dodge Street, Suite 3700, Omaha, NE 68102.**

6. The Defendant has over 100 employees for 20 weeks of the preceding year, and meets the definition of "Employer" as stated in the statutes referenced herein.

7. The unlawful events that give rise to this cause of action occurred in at the principle place of business of Defendant in Omaha, Douglas County, Nebraska.

8. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by Plaintiff prior to the filing of this complaint: 1) Plaintiff filed a charge of discrimination and retaliation on December 30, 2019 with the Equal Employment Opportunity Commission (hereinafter "EEOC"), within 300 days of the date of the retaliatory adverse actions for which recovery is sought that is complained of herein (the earliest of which occurred on November 25, 2019 ); 2) Poke received the Notice of Right to Sue, mailed August 17, 2020 see Exhibit A which contains copies of Poke's charge and the Right to Sue letter. Therefore, this suit is timely filed within the 90 days allowed from the receipt of this right to sue letter.

9. Plaintiff incorporates Paragraphs 1 through 8 as if fully stated forth herein.

10. Plaintiff was hired by Defendant on February 2, 2015 in the position of Production Technician, and at the time of termination Plaintiff had worked for Defendant for a period of almost 5 years.

11. Plaintiff is black.

12. Plaintiff was given an eight (8) percent raise and yearly bonus for 2019 of $1,600.00 for which he,signed for on December, 9 2019.

13. Plaintiff never received the bonus because he was terminated 3 days later.

14. On or around November 10, 2019 Defendant placed a new supervisor to oversee the Production Technicians in Plaintiff's building. Plaintiff's new supervisor was Craig Groeneweg ("Groeneweg").

15. Groeneweg is white.

16. From November 25, 2019 until the date of his termination, Plaintiff was discriminated, harassed, and was retaliated against by his supervisor Groeneweg.

17. Groeneweg treated Plaintiff disparately or pretextually in the terms and conditions of his employment compared with the way non-black employees, or employees that had not engaged in protected activity, were treated.

18. Plaintiff was terminated on December 12, 2019, this termination had a causal link to Plaintiff receiving four (4) disciplinary notices from Groeneweg over the course of his last two (2) days of employment.

19. On November 25, 2019 Plaintiff began to use a forklift that was not marked or tagged as being unsafe and inoperable. Plaintiff was not aware that the Forklift had mechanical issues and due to the mechanical issues had an incident that scuffed the bottom of a roll-up door.

20. On November 25, 2019 the Plaintiff began to notice that he was being tracked constantly by Groeneweg. Plaintiff felt like Groeneweg was always on his case and monitoring him more than the white employees he supervised.

21. On December 5, 2019, Groeneweg accused Plaintiff of taking an extra hour of lunch break, Groeneweg did not have any evidence and could not prove it, but still went out of his way to verbally discipline Plaintiff with a warning.

22. On December 5, 2019, while in a heated discussion with Groeneweg, Plaintiff told Groeneweg he felt like he was unfairly monitored, being constantly searched out, and that Groeneweg was always on his case, despite the fact he was getting his work done.

23. At this time equivalent white employees were not being monitored and searched for on a regular basis like Plaintiff was.

24. Plaintiff's claims to Groeneweg on December 5, 2019 about how he felt were the first incidents of a protected activity.

25. On December 10, 2019, 3 work days after the protected activity, Groeneweg gave Plaintiff a write-up for the forklift incident on November 25, 2019 and claimed the conduct was so severe that it required it to be worth two (2) disciplinary actions.

26. On December 10, 2019 while sampling a product that was not the pellets Plaintiff usually worked with, Plaintiff accidentally spilled some powder off of a sterile sampling spoon, this powder touched the side of the bag and went into a drum of the product.

27. Groeneweg learns of the sampling error that Plaintiff had made, while others suggested retraining, Groeneweg determined it was grounds for the termination of Plaintiff.

28. Nobody had ever been terminated for a sampling error while working for the Defendant, at one point twelve (12) lab technicians, all white, were committing a multitude of sampling errors and not one was terminated.

29. On the same day, December 10, 2019, while Plaintiff was on his way from the bathroom he stopped to check his phone from his locker in the locker room, due to this action Groeneweg gave Plaintiff an additional disciplinary notice, for what he determined to be an extra long 35 minute break, despite not having any evidence or witnessing it. Similar white employees did not receive disciplinary actions for going to the bathroom or their lockers during work hours.

30. All of these disciplinary actions were given to Plaintiff after December 5, 2019 when Plaintiff told Groeneweg to stop searching him out and to stop treating him unfairly, these disciplinary actions, along with Groeneweg's suggestion of termination were retaliation for Plaintiff's protected activity in the December 5, 2019 conversation between Plaintiff and Groeneweg.

31. Before he was terminated Plaintiff had another conversation with Groeneweg. This conversation was about the same complaints, protected activities, as in the conversation on December 5, 2019, however in this conversation Plaintiff explicitly used the word "harassed" and Groeneweg said that because the word was used he would have to inform HR about the conversation.

32. Plaintiff was discharged on December 12, 2019 due to the disciplinary problems artificially produced by Groeneweg

**FIRST CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION**

33. Plaintiff incorporates paragraphs 1 through 32 as if fully stated forth herein.

34. Plaintiff is black and is therefore a member of a protected class.

35. Plaintiff was performing at a satisfactory level and on December 9, 2019 received a pay increase of 8% and bonus of $1,600.00.

36. From November 20, 2019 until his termination on December 12, 2019 Plaintiff was harassed, discriminated against, and treated poorly and unfairly.

37. Other employees of Defendant who were white did their work and acted in a similar way to Plaintiff, yet they were not disciplined and/or terminated.

38. This discriminatory conduct violates Title VII of the Civil Rights Act, as amended, 42 U.S.C § 1981, the City of Omaha Anti-Discrimination Ordinance Sections 13-89 and 13-116, and the Nebraska Fair Employment Practices Act, as amended, Neb. Rev. Stat. §48-1101 et seq.

39. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages and incurred significant loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement. Additionally, as a result of the illegal conduct of Defendant, Plaintiff has experienced humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.

40. Due to Defendants willful and/or reckless conduct, punitive damages are appropriate under federal law.

**SECOND CAUSE OF ACTION: RETALIATION FOR PROTECTED ACTIVITY**

41. Plaintiff Incorporates Paragraphs 1 through 40 as if fully set forth herein.

42. After Plaintiff engaged in one or more protected activities, Defendant retaliated against him in the terms, conditions and privileges of his employment. And the ultimate result of the retaliatory action was his termination. Retaliatory conduct is violative of Title VII of the Civil Rights Act, as amended, 42 U.S.C § 1981, the City of Omaha Anti-Discrimination Ordinance Sections 13-89 and 13-116, and the Nebraska Fair Employment Practices Act, as amended, Neb. Rev. Stat. §48-1101 et seq. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages and incurred significant loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement. Additionally, as a result of the illegal conduct of Defendant, Plaintiff has experienced humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.

43. Due to the willful and/or reckless conduct, punitive damages are appropriate under federal law.

WHEREFORE, Plaintiff requests a judgment against the defendant in the following respects:

a) Declaring the acts of the Defendant to be in violation of city ordinances, state and federal law;
b) Award the Plaintiff lost wages and the value of benefits as well as prejudgment interest;
c) Award the Plaintiff an appropriate amount of monetary damages for his compensatory damages claims;

d) Order the Defendant to pay Plaintiff for the loss of his job related benefits in accordance with law.
e) Award Plaintiff punitive damages;
f) Award the Plaintiff attorney's fees and costs;
g) Award Plaintiff such relief as the Court deems just and proper.

DATED THIS 13th DAY OF NOVEMBER 2020.

ANTIONE POKE, Plaintiff.

By:______________________

Joseph Hall #26949
Joseph D. Hall & Associates, LLC.
16169 Bedford Ave.
Omaha, Nebraska 68116
Telephone: 402-409-0909
Fax: 402-408-8392
Email: joe@jdhalaw.com
Attorney for Plaintiff

**JURY DEMAND**

The Plaintiff requests trial by jury in Omaha, Douglas County, Nebraska.

______________________

Joseph Hall

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Antoine J. Poke**
**6411 N. 67th Street**
**Omaha, NE 68104**

From: **St. Louis District Office**
**1222 Spruce Street**
**Room 8.100**
**Saint Louis, MO 63103**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **32G-2020-00014** | **Joseph J. Wilson, State & Local Program Manager** | **(314) 798-1930** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Lloyd J. Vasquez, Jr.,**
**District Director**

August 17, 2020
*(Date Mailed)*

Enclosures(s)

cc

**Chief Executive Officer**
**AMERICAN LABORATORIES, INC**
**11111 M Street**
**Suite 110**
**Omaha, NE 68137**

**Cody Brookhouser-Sisney**
**MCGRATH NORTH**
**First National Tower**
**1601 Dodge St., Suite 3700**
**Omaha, NE 68102**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 20-1219-0010-ER |
| [X] EEOC | 32G-2020-00014 |

**Omaha Human Rights and Relations Department** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Antoine J. Poke** | **(402) 403-2586** | **1983** |

Street Address / City, State and ZIP Code

**6411 N. 67th Street, Omaha, NE 68104**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AMERICAN LABORATORIES, INC** | **15-100** | **(402) 858-2162** |

Street Address / City, State and ZIP Code

**11111 M Street, Omaha, NE 68137**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 11-25-2019 | 12-12-2019 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

My race is Black. I began working for Respondent in or around February 2, 2015 as a Production Technician. My job duties included collecting enzyme ad protein samples. My job performance was satisfactory. My most recent supervisor was Craig (White, last name unknown, "Craig"). On or about December 10, 2019, I complained to my supervisor about his unlawful harassment. On December 12, 2019, I received written notice for my job performance and immediately discharged.

DISCRIMINATION STATEMENT: I allege due to my race (Black), I was subjected to discriminatory terms and conditions of my employment and in retaliation for my complaint of the unlawful harassment, Respondent discharged me, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the City of Omaha Anti-Discrimination Ordinance Sec. 13-89 and 13-116 because:

1. My race is Black.
2. My work performance was satisfactory.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. X Antoine Poke

I declare under penalty of perjury that the above is true and correct.

12-30-19 X Antoine Poke

Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

Lori O'Brien

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X Antoine Poke

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

12/30/19

GENERAL NOTARY - State of Nebraska LORI O'BRIEN My Comm. Exp. July 26, 2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 20-1219-0010-ER |
| | [X] EEOC | 32G-2020-00014 |

**Omaha Human Rights and Relations Department** and EEOC

*State or local Agency, if any*

3. In or around November 25, 2019, my supervisor started singling me out by looking for me throughout my shift and questioning what I was doing or if I was on break. On December 10, 2019, I asked him why he was harassing me to the point of making it uncomfortable at work. Craig informed me since I used the word "harassed", he had to report this to Human Resources.
4. On or about December 11, 2019, Safety Inspector Craig Lentz (White) saw me pouring out some overfill in a drum barrel and told me that this was not the correct procedure.
5. On or about December 12, 2019, during a meeting with Human Resource staff and my supervisor, I received a written notice about the incident from the day before as well as taking too many breaks, which I deny. Human Resource Manager Tammy Anderson (White) stated due to the write up, I was being terminated.
6. I allege Respondent does not treat non-Black employees similarly in that their supervisor does not harass them by constantly asking them what they are doing or if they are on break nor does Respondent issue written notices for sampling errors. Due to my race (Black) and in retaliation for complaining to my supervisor, Respondent terminated my employment.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. X Antione Pole | NOTARY – *When necessary for State and Local Agency Requirements* Lori O'Brien |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT X Antione Pole |
| 12-30-19 X Antione Pole<br>*Date* *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 12/30/19 — GENERAL NOTARY - State of Nebraska LORI O'BRIEN My Comm. Exp. July 26, 2020 |

Image ID: D00705452D01

# SUMMONS

Doc. No. 705452

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha NE 68183

Antione Poke v. American Laboratories LLC

Case ID: CI 20 9370

TO: American Laboratories LLC

You have been sued by the following plaintiff(s):

Antione Poke

Plaintiff's Attorney: Joseph D Hall
Address: 16169 Bedford ave
Omaha, NE 68116

Telephone: (402) 409-0909

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: DECEMBER 4, 2020 BY THE COURT: John M. Friend
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

American Laboratories LLC
1601 Dodge St. #3700
Patrick Straka as Registered Agent
Omaha, NE 68102

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®




CPU



U.S. POSTAGE
$7.80
FCMF
Orig: 6811
12/04/20
200005142
R2304P118913

JOSEPH D HALL & ASSOCIATES LLC
16169 BEDFORD AVE.
OMAHA, NE 68116

Patrick J. Straka
McGrath, North, Mullin, & Kratz, PC. LLO
First National Tower
1601 Dodge Street,
Suite 3700, Omaha, NE 68102

6810231650 C016

LEGAL SERVICE

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI200009370
Transaction ID: 0012285670
Filing Date: 12/10/2020 11:13:05 AM CST

Doc. No. 705452

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha NE 68183

To:
Case ID: CI 20 9370 Poke v. American Laboratories LLC

I hereby certify that on

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrick Straka
1601 Dodge St #3700
Omaha, NE 68102

9590 9402 5984 0062 6119 81

2. Article Number (Transfer from service label)
7020 0090 0000 1930 1064

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) [handwritten] C. Date of Delivery 12-7-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: American Laboratories Inc

At the following address: Patrick Straka: Registered Agent
1601 Dodge Street #3700
Omaha, NE 68102

on the 4th day of December 2020, as required by Nebraska state law.

[signature]

Postage $ $7.80 Attorney for: Antione Poke

The return receipt for mailing to the party was signed on December 7, 2020.

To: American Laboratories LLC
1601 Dodge St. #3700
Patrick Straka as Registered Agent
Omaha, NE 68102

From: Joseph D Hall
16169 Bedford ave
Omaha, NE 68116

**ATTACH RETURN RECEIPT & RETURN TO COURT**

# Certificate of Service

I hereby certify that on Thursday, December 10, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

American Laboratories LLC service method: No Service

Signature: /s/ HALL, JOSEPH D (Bar Number: 26949)